**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**NIJOLE BYER, Individually and as**
**Administrratrix of the Estate of**
**ROBERT D. BYER, Deceased**

                     **Plaintiff,**               **12-CV-676W(Sr)**

**v.**

**BELL HELICOPTER TEXTRON, INC.,**
**et al.,**

                     **Defendants.**

---

**DECISION AND ORDER**

       This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters.  Dkt. #21.  It is currently assigned to the Hon. Elizabeth A. Wolford. Dkt. #283.


       Currently before the Court is a joint motion by the defendants to preclude use of Dr. Jacqueline Moline's January 2015 expert witness disclosure and limit her opinions to those set forth in her March and May 2014 reports (Dkt. #284), and plaintiff's motion to permit late service of Dr. Moline's January 2015 expert report.  Dkt. #288.  For the following reasons, defendants' motion is denied and plaintiff's motion is granted.

## FACTS AND PROCEDURAL HISTORY

Robert D. Byer and his wife, Nijole Byer, commenced this action in the New York State Supreme Court, County of Erie on June 6, 2012, seeking damages for personal injuries sustained as a result of exposure to asbestos following his diagnosis of mesothelioma on February 6, 2012.  Dkt. #1-2.  The action was removed to this Court on July 18, 2012.  Dkt. #1.

Robert D. Byer died on October 19, 2012.  Dkt. #111, ¶ 1.  The complaint was amended to add a cause of action for wrongful death.  Dkt. #119.

The Case Management Order set a deadline of April 18, 2014 for plaintiff to identify any expert witnesses who may be used at trial and provide reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).  Dkt. #117.  This deadline was extended to May 19, 2014. Dkt. #240.  On that date, plaintiff disclosed the expert witness report of Jacqueline Moline, MD, MSc, FACP, FACOEM, dated March 25, 2014.  Dkt. #284-5 , p.7.

In response to defendants' objection that Dr. Moline's report failed to comply with the Federal Rules of Civil Procedure, by letter dated May 21, 2014, Dr. Moline supplemented her expert witness report.  Dkt. #284-1, ¶ 8 & Dkt. #284-6.

Dr. Moline's deposition was originally scheduled for October 20, 2014 and rescheduled at her request for November 24, 2014.  Dkt. #284-1, ¶ 12.  On November 21, 2014, Dr. Moline advised the defendants that she needed to reschedule a second

time.  Dkt. #284-1, ¶ 12.  The deposition was rescheduled for December 22, 2014, but was again cancelled by Dr. Moline. Dkt. #284-1, ¶ 13.

By e-mail sent during the afternoon on January 7, 2015, Dr. Moline served an updated expert report dated January 6, 2015.  Dkt. #284-7 & Dkt. #284-8.

Dr. Moline was deposed on January 8, 2015.  Dkt. #284-9.   At the commencement of the deposition, defendants objected to the January 6, 2015 report, noting that

> There was no prior notice of this report.  There was no revision of the scheduling order permitting a new expert report by Dr. Moline.  The defendants object to this report. The defendants had noticed this deposition based upon Dr. Moline's initial report in this case, which was March of 2014, served May 19th of 2014.
>
> * * *
>
> We are proceeding here today in accordance with our notice, which was originally served on September 23rd, 2014 and revised thereafter rescheduling the date.  The deposition will proceed solely as to Dr. Moline's timely served reports in this case.  We will object to and move to strike any testimony that is offered or sought from Dr. Moline pertaining to anything contained in her January 6th, 2015 new report, which was improper, not permitted by the scheduling order and for which there was no leave sought from the court.

Dkt. #284-9, pp.8-9.  Plaintiff's counsel responded

> that the new report is non-substantive changes to comply with the Federal rules.
>
> Dr. Moline did submit a prior report that substantively is identical to the one submitted yesterday, with the sole

> differences being that her new report complies with the
> Federal rules, rather than the State rules, that her report was
> originally submitted under, and we would be seeking, of
> course, that it would be fully admissible.

Dkt. #284-9, p.10.

During the course of her deposition, Dr. Moline testified that she began to work on the January 2015 Report in late November or early December of 2014 at the request of plaintiff's counsel to provide more on causation than she had included in her prior report and to include a list of articles relevant to the opinions set forth in her report. Dkt. #284-1, ¶ 19 & Dkt. #284-11, p.43.

## DISCUSSION AND ANALYSIS

Defendants seek to preclude plaintiff from relying on, referring to, or otherwise using the January 6, 2015 report of Dr. Moline, or any information, reliance materials or opinions contained therein to supply evidence on a motion, at a hearing or at trial and limiting Dr. Moline to the information, reliance materials and opinions expressed in her March 2014 Moline Report and May 2014 Moline Report.  Dkt. #284-2. In support of the motion, defendants note that plaintiff served the January 2015 Moline Report nearly eight months after plaintiff's expert reports were due under the Case Management Order; over five months after defendants served their expert reports; and the afternoon of the day before defendants were scheduled to depose Dr. Moline.  Dkt. #284-2, p.4.  Defendants argue that plaintiff is attempting to benefit from her unjustified failure to comply with the Court's Case Management Order, which is patently unfair and prejudicial to defendants.  Dkt. #284-2, p.4.  Specifically, defendants note that the January 2015 Moline report contains:

- 61 citations to articles, studies and other materials not mentioned in the prior reports, which fail to list any medical or scientific literature;

- 32 new paragraphs contained in a 32-paragraph section entitled, "Specific Causation Opinions," only 4 of which are comparable to opinions contained in the prior reports;

- an alteration regarding Dr. Moline's opinion as to the impact of his prior radiation treatment for Hodgkin's disease; and

- changes to Dr. Moline's qualifications.

Dkt. #284-1, ¶ 17.  Defendants argue that "[k]nowledge of the extensive new specific causation opinions set forth in the January 2015 Moline Report would have affected how Defendants consulted with their experts, what those experts would have put in their reports and Defendants would have prepared differently and examined Dr. Struachen and Dr. Moline differently, and perhaps plaintiff's other experts as well."  Dkt. #284-2, p.12.

Plaintiff's counsel argues that the January 2015 Moline Report "does not materially alter any case-specific opinions within the report, is substantively identical to the Initial Moline Report, and its use does not prejudice Defendants in any material way."  Dkt. #288-1, ¶ 14.  Plaintiff's counsel avers that "[t]here are no new theories or additional analysis of Mr. Byer's circumstances offered in the January 2015 Moline Report.  Dkt. #288-1, ¶ 14.  Plaintiff's counsel describes this report as "essentially combin[ing] the Initial Moline Report, the Supplemental Information, and add[ing] Dr. Moline's well-known general opinions regarding asbestos and asbestos-related diseases and the well-known literature on which she formulated her opinions."  Dkt.

#288-1, ¶ 8.  Plaintiff's counsel argues that defendants' counsel "have deposed Dr.

Moline extensively several times in the past and are fully familiar with her general

expertise regarding asbestos and asbestos-related diseases and the literature that she

commonly cites in relation to those general opinions."  Dkt. #288-1, ¶ 15. Plaintiff's

counsel avers that she has offered defendants another opportunity to depose Dr.

Moline and to extend the scheduling deadlines to alleviate any prejudice defendants

might claim.  Dkt. #288-1, ¶ 16.


Rule 26(a)(2) of the Federal Rules of Civil Procedure provides as follows:

(A)  *In General*.  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 803, or 705.

(B)  Written Report.  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:

(I)  a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)  the data or other information considered by the witness in forming them;

(iii)  any exhibits that will be used to summarize or support them;

(iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)  a list of all other cases in which, during the
previous four years, the witness testified as an
expert at trial or by deposition; and

(vi)  a statement of the compensation to be paid for
the study and testimony in the case.

Pursuant to Rule 26(a)(2)(D), such disclosure must be made in accordance with the

deadline set forth in the Court's Case Management Order, which, in this case, was

extended to May 19, 2014.

Rule 26(e) requires a party to supplement or correct a written report "in a

timely manner if the party learns that in some material respect the disclosure is

incomplete or incorrect."  However, supplementation is not permitted where there is no

information that was previously unknown or unavailable to the expert.  *Lidle v. Cirrus

Design Corp.*, No. 08 Civ. 1253, 2009 WL 4907201, at *6 (S.D.N.Y. Dec. 18, 2009);

*See Sandata Technologies, Inc. v. Infocrossing, Inc.*, No. 05 Civ. 09546, 2007 WL

4157163, at *4 (S.D.N.Y. Nov. 16, 2007) ("It is only if the expert subsequently learns of

information that was previously unknown or unavailable, that renders information

previously provided in an initial report inaccurate or misleading because it was

incomplete, that the duty to supplement arises.").

The additional information contained in Dr. Moline's disclosure dated

January 6, 2015 is not previously unknown or unavailable data.  To the contrary, the

information omitted from Dr. Moline's initial expert disclosure is basic evidence

regarding the nature and use of asbestos and its effect on human health, including

scientific research establishing essential elements of plaintiff's claim, *e.g.,* "a consensus among the overwhelming majority of medical and scientific professionals and organizations that asbestos fibers of any type or size can cause mesothelioma, including chrysotile fibers." Dkt. #284-7, p.14.  Plaintiff's counsel concedes that the information contained in the January 6, 2015 disclosure contains "well-known general opinions regarding asbestos and asbestos-related diseases and the well-known literature on which [Dr. Moline] formulated her opinions," but proffers no excuse for withholding such information from defendants until the eve of a deposition which had already been scheduled three times. Dkt. #288-1, ¶ 8.

"If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." Fed. R. Civ. P. 37(c)(1).  Notwithstanding the mandatory language of the rule, courts in the Second Circuit have viewed the imposition of sanctions under the rule as discretionary and have generally not ordered preclusion."  *Houlihan v. Invacare Corp.*, No. CV 2004-4286, 2006 WL 1455469, at *1 (E.D.N.Y. May 24, 2006) (collecting cases).  In assessing whether a district court has exercised its discretion appropriately, the Court of Appeals for the Second Circuit considers: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.  *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Softel, Inc. v. Dragon Med. &*

*Scientific Commc'ns, Inc*., 118 F.3d 955, 961 (2d Cir. 1997), *cert. denied*, 523 U.S. 1020 (1998).  In assessing prejudice, the Court considers "whether the assertion of the new claim would: (I) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993). "A district court abuses its discretion when the action taken was improvident and affected the substantial rights of the parties."  *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994) (internal quotation omitted), *cert. denied*, 516 U.S. 821 (1995).

Without use of the opinions set forth in Dr. Moline's January 6, 2015 disclosure that, for example, the "causal relationship between exposure to asbestos dust and the development of mesothelioma is so firmly established in the scientific literature that it is accepted as scientific 'fact,'" plaintiff's ability to establish the elements of his wrongful death cause of action may be severely compromised. Thus, the Court's grant of defendants' motion to preclude would impose a substantial risk of prejudice to plaintiff.  Conversely, Dr. Moline's opinions regarding the link between exposure to asbestos and mesothelioma can hardly be characterized as novel nor can they be expected to substantively alter the defense of this action.  Moreover, discovery has not closed and there is no trial date set.  Accordingly, the Court exercises its discretion to deny defendants' motion to preclude and grant plaintiff's motion to permit late service of Dr. Moline's January 6, 2015 expert report.

Defendants may conduct supplemental depositions of Dr. Moline and Dr. Strauchen solely with respect to the new information contained Dr. Moline's January 6, 2015 report.  The supplemental depositions may not exceed 6 hours each and must be completed no later than July 31, 2015.  Plaintiff's counsel shall bear the costs of such depositions.

Defendants may supplement their expert witness disclosure, no later than July 31, 2015, to address the new information contained in Dr. Moline's January 6, 2015 report.

Dispositive motions shall be filed no later than October 2, 2015.

### CONCLUSION

For the foregoing reasons, subject to the foregoing conditions, defendants' motion to preclude (Dkt. #284), is denied and plaintiff's motion to permit late service of Dr. Moline's January 6, 2015 expert report (Dkt. #288), is granted.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
              **May 28, 2015**

                                    _s/ H. Kenneth Schroeder, Jr._
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**